(No. 40938.—

THE PEOPLE *ex rel.* John J. Stamos, State's Attorney, Petitioner, *vs.* SIDNEY A. JONES, Judge, Respondent.

*Opinion filed May 29, 1968.*

JOHN J. STAMOS, State's Attorney, of Chicago, (ELMER C. KISSANE and JAMES S. VELDMAN, Assistant State's Attorneys, of counsel,) for the State.

STANLEY A. BASS and MELVIN B. GOLDBERG, of Chicago, for respondent.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

This original *mandamus* action arises from a conflict between the Rules of this court governing admission to bail upon appeal in criminal cases and a legislative enactment dealing with the same subject.

Rule 609(b) provides that upon appeal from a judgment sentencing a defendant to imprisonment, "the defendant may be admitted to bail and the sentence * * * stayed by a judge of the trial or reviewing court." (Ill. Rev. Stat. 1967, chap. 110A, par. 609(b).) Section 121—6(b) of the Code of Criminal Procedure, as amended by an Act effective September 5, 1967, provides: "If an appeal is taken from a judgment or order on an offense other than a 'forcible felony', and the defendant is admitted to bail, the sentence of imprisonment shall be stayed by the trial court. If an appeal is taken from a judgment or order on an offense defined as a 'forcible felony' the defendant shall not be entitled to a continuation of his bail and the sentence of imprisonment shall not be stayed by the trial court." (Ill. Rev. Stat. 1967, chap. 38, par. 121—6(b).) Section 2—8 of the Criminal Code defines "forcible felony" as follows: " 'Forcible felony' means treason, murder, voluntary manslaughter, rape, robbery, burglary, arson, kidnaping, ag-

gravated battery and any other felony which involves the use or threat of physical force or violence against any individual." Ill. Rev. Stat. 1967, chap. 38, par. 2—8.

The defendant in this case is the Honorable Sidney A. Jones, an associate judge of the circuit court of Cook County. On September 12, 1967, he found Major McNeal guilty of two charges of aggravated battery, and imposed concurrent sentences of not less than two nor more than four years imprisonment in the penitentiary. Judge Jones then fixed the amount of the appeal bond at $5,000, and admitted McNeal to bail upon the filing of a bond in that amount.

Thereafter we granted leave to the State's Attorney of Cook County to file an original petition for a writ of *mandamus*. The petition recited the 1967 amendment to section 121—6 and the action taken by the defendant; it charged that the defendant was without jurisdiction to fix the amount of the appeal bond and to admit McNeal to bail, and it prayed for the issuance of a writ of *mandamus* directing him to expunge the order that he had entered. The defendant's answer alleged "that in setting said appeal bond, Respondent considered the nature of the offenses, the background of the defendant, the likelihood that said defendant would respond to further orders of court and abide by the conditions of the said appeal bond, the possibility that said judgments of conviction would be reversed or reversed and remanded by the reviewing courts on appeal, the length of sentence imposed, the length of time usually and commonly elapsing between judgments of conviction and final orders of all reviewing courts, including this Court and the Supreme Court of the United States, and the economic hardships imposed upon persons seeking appellate review when said persons are denied bail pending appeal; that further, bail as aforesaid, was granted in the sound exercise of Respondent's discretion."

The arguments have covered a broad range. The legis-

lative classification of "forcible felony" has been challenged as arbitrary, and hence invalid under the equal-protection clause. And it has been urged that at least in cases that present substantial issues, there is a constitutional right to release upon bail pending appeal. We have concluded, however, that in deciding this case it is unnecessary to look beyond the· provisions of article VI of the constitution of Illinois.

That article was adopted at a referendum election in November of 1962, and became effective on January 1, 1964. It contains five references to the rule-making power of this court: Section 2 provides that general administrative authority over all courts "is vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules." Section 5 provides that appeals from final judgments of circuit courts shall lie directly to the Supreme Court as a matter of right only in certain enumerated types of cases, and continues: "Subject to law hereafter enacted, the Supreme Court has authority to provide by rule for appeal in other cases from the circuit courts directly to the Supreme Court." Section 5 also authorizes appeals from the Appellate Court to the Supreme Court as a matter of right only in specified cases, and continues: "Subject to rules, appeals from the Appellate Court to the Supreme Court in all other cases shall be by leave of the Supreme Court." Section 7 provides: "The Supreme Court shall provide by rule for expeditious and inexpensive appeals. * * * The Supreme Court may provide by rule for appeals to the Appellate Court from other than final judgments of the Circuit Court."

These provisions do not suggest an intention to effect a general revision of the rule-making power of this court as it existed prior to the adoption of article VI. (See, *Agran v. Checker Taxi Co.*, 412 Ill. 145.) It is only with respect to direct appeals from the circuit court to this court that article VI authorizes legislative revision of rules adopted

by this court. And in that instance the limitation upon the rule-making power of the court is clearly stated, for its rules are "subject to law hereafter enacted."

There is no comparable qualification with respect to the obligation of this court "to provide by rule for expeditious and inexpensive appeals." So far as the particular legislative provision involved in this case is concerned, it is clear that a requirement that one who seeks to be admitted to bail pending appeal must present his application to a judge of a reviewing court would inevitably make appeals in criminal cases more cumbersome, delay them, and increase their cost. But apart from the consequences of any particular legislative enactment, the constitution has placed responsibility for rules governing appeal in the Supreme Court, and not in the General Assembly. Because it exceeds the authority granted to the General Assembly by the constitution, section 121—6(b) of the Code of Criminal Procedure is invalid. The writ of *mandamus* is therefore denied.

*Writa denied.*