FRISCH CONTRACTING SERVICE COMPANY, Plaintiff-Appellee, v. PERSONNEL PROTECTION, INC., Defendant-Appellant.

Second District   No. 2—86—1100

Opinion filed July 22, 1987.

Kathleen T. Meersman, of Meersman & Meersman, of Mount Prospect, for appellant.

David W. McArdle and Andrew T. Freund, both of Zukowski, Rogers & Flood, of Crystal Lake, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Personnel Protection, Inc., appeals from the order of the circuit court which entered judgment in the sum of $7,331.50 in favor of the plaintiff, Frisch Contracting Service Company, based on the breach of a construction contract implied in law. The defendant sets forth three arguments on appeal. First, the defendant maintains that the plaintiff's award must be modified to account for reductions in labor, delivery and machinery, given the trial court's finding that the plaintiff only used 360 tons, rather than the original complained of 601.7 tons, of gravel to complete the work under the contract. The defendant also argues that the trial court erred in its application of the theory of *quantum meruit* by failing to consider the value of the benefits conferred on the defendant. In the alternative, the defendant urges that we must reverse the trial court's order absent a finding of the defendant's acquiescence or acceptance of the contract's terms, purportedly a prerequisite to an implied contract. For the reasons set forth below we affirm the decision of the trial court.

On May 24, 1984, the plaintiff brought suit against the defendant seeking damages for breach of an oral contract for services the plaintiff performed in excavating and enlarging the defendant's parking lot. On December 11, 1985, the plaintiff amended the complaint to include recovery under express contract and recovery under the theory of *quantum meruit*. The following forms the basis for the plaintiff's amended complaint.

Prior to April 1983, the defendant entered into a contract with a general contractor to build a new facility and parking lot. The plaintiff, a subcontractor, performed work on the parking lot. Subsequently, the defendant's agent entered into a contract with the general contractor to excavate an additional parking area. The general contractor's agent told the plaintiff to contact Mr. Coss, the defendant's agent, to enter into an agreement as to this additional work. Coss then directed the plaintiff to commence construction. After the plaintiff performed the additional work pursuant to the agreement, the defendant's president allegedly ratified the actions of Coss, its agent, and agreed to pay for the additional work. Count II realleged the same scenario, but sought recovery under the theory of *quantum meruit* for the reasonable value of the plaintiff's services.

The defendant answered the complaint, and the court held a hearing on March 8, 1986. On June 23, 1986, the court issued a memorandum opinion in which it found that although the parties did not have an express contract to perform the parking lot extension work, the trial testimony indicated the existence of a contract implied in law, and, as such, the court held the defendant responsible to compensate the plaintiff for benefits received. Specifically, the court found these benefits to include the defendant's present and future ability to use the extension areas as well as the reworking of the drainage areas. The court noted that the plaintiff's time sheets demonstrated a reasonable time to perform the work, although it questioned the material used. In this regard, the court found that the plaintiff had used a quantity of gravel/material in the amount of 360 tons, rather than the complained of 601.7 tons, thereby requiring an adjustment of the original invoices. On July 21, 1986, the court entered an order in favor of the plaintiff in the amount of $7,331.50. Subsequently, the court denied the defendant's motion to reconsider. The defendant then filed this timely appeal.

■■ On appeal, the defendant initially argues that the plaintiff's award must be modified to account for the reductions in labor, delivery and machinery required to haul and spread 360 tons of gravel, an amount which is 59.8% of the originally complained of 601.7 tons. It

is the defendant's position that had the trial court accounted for these reduced costs, the judgment would have been 59.8% of the amount alleged as due, or no more than $5,359.50. It is our opinion, however, that this argument is mere conjecture given the record the defendant submitted on appeal.

The very nature of an appeal dictates that the reviewing court have a sufficient record before it to determine if the error claimed by the appellant exists. (*Walker v. Iowa Marine Repair Corp.* (1985), 132 Ill. App. 3d 621, 624.) The burden rests on the appellant to provide a sufficient record to support the claim of error, and in the absence of such a record, the reviewing court will presume that the trial court's order was in conformity with established legal principles and had a sufficient factual basis. (*Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92.) Any doubts arising from the completeness of the record are resolved against the appellant. (99 Ill. 2d 389, 392.) Affirmance is dictated if the record omits crucial facts. *Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042.

■ In the present case the defendant has failed to file a report of proceedings and has, thus, failed to supply the court with any of the evidence adduced at trial upon which the trial court relied. The failure to present a report of proceedings does not require automatic dismissal or affirmance where issues can be resolved on the record as it stands. (*Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 90.) However, in the absence of the report of proceedings, issues raised for which evidence at trial would be necessary to the determination of the appellate court are not subject to review. 127 Ill. App. 3d 85, 90.

It is our opinion that the defendant's claimed reduction of labor and machinery is a factual issue requiring a review of evidence concerning the reduction, if any, of the amount of labor and machinery required using less material. We discern no proof in the record for the defendant's assertion that 360 tons of gravel requires 59.8% of the hauling of 601.7 tons of gravel. Absent evidence indicating, at the very least, the relationship between material and man-hours, we cannot begin to review such an assumption.

■ We also find that the defendant's second argument, namely, that the court erred by failing to consider the value of the benefit to the defendant in determining the plaintiff's award, concerns a factual issue which requires evidence in order for us to review the trial court's decision. The amount of damages is purely a factual issue, and a court of review may not set aside the determination of damages unless it is contrary to the manifest weight of the evidence. (*Ellis v.*

*Photo America Corp.* (1983), 113 Ill. App. 3d 493, 501.) As the defendant has presented no evidence or documents to establish the value of the benefit to the defendant, we have no basis upon which we can review such a determination. Similarly, we find that the defendant's third argument, that the court erroneously found an implied contract to exist in the absence of the defendant's acquiescence in the construction of the parking lot extension, also requires evidence in order for us to review the lower court's decision.

■■ ■ A party who prosecutes an appeal bears the burden of overcoming the assumption that the circuit court's judgment is correct. (*In re Estate of Elson* (1983), 120 Ill. App. 3d 649, 657.) Such burden will not be overcome unless the appellant demonstrates that the decision of the circuit court was against the manifest weight of the evidence. This court should take a deferential approach to fact findings made at the circuit court level and should not substitute its judgment for that of the trial court. (*First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 794.) For a decision of the circuit court to be against the manifest weight of the evidence, it must be shown that conclusions opposite those reached by the circuit court are clearly evident. (*First Security Bank v. Bawoll* (1983), 120 Ill. App. 3d 787, 794.) Here, the defendant has completely failed to supply the court with any evidence which demonstrates that a conclusion opposite to the one reached by the circuit court is clearly evident.

With respect to its first argument the defendant states "that it took only 59.8% of the hauling to bring in 360 tons of gravel instead of 601.7 tons [and] *** it took less labor and machinery use, to spread 360 tons of gravel/material instead of 601.7 tons." A review of the record on appeal demonstrates that this matter is outside the record presented to the appellate court.

With respect to its second argument, the defendant argues that the trial court committed reversible error when it failed to consider the value of the benefit to the defendant in applying *quantum meruit*. The defendant argues that "[a] recovery under [*quantum meruit*] is not only the value of the services performed by the plaintiff contractor, but its value to the defendant property owner." The fact that this is not the law in Illinois is demonstrated by the lack of any case support in the defendant's brief. In the absence of any supporting record, we also must discount the defendant's argument that, at most, 10% of the extended lot was used by the defendant at any time.

In any case, the trial court's memorandum opinion clearly demonstrates that the trial judge considered the benefit to the defendant when it made its decision:

"[T]he Court is convinced that the north lot was used for company storage and certain drainage modifications were necessary to accommodate the extension areas. Furthermore, the Plaintiff did certain work that he believed to be extra under the original general contract *** to satisfy Defendant's demand and enhance the appearance of the site overall. *** [T]he court believes that Defendant used in the past and has future ability to use the extension areas. Furthermore, Plaintiff's testimony concerning the reworking of the drainage in the area is undisputed, and it appears that this work has also been of benefit to Defendant. *** [T]he time spent by Plaintiff is well documented in the evidence. *** [T]he time appears reasonable and the work was substantially performed."

The defendant's third argument relates to its lack of acquiescence or acceptance of the terms of the contract found by the court to exist. We disagree with the defendant's position that acquiescence is a prerequisite to applying the equitable theory of *quantum meruit*. In its memorandum opinion, the court found that a contract implied in law existed between the parties by virtue of the work done and the benefit conferred. The basis for recovery on the doctrine of contract implied in law is unjust enrichment. (*Premier Electrical Construction Co. v. La Salle National Bank* (1985), 132 Ill. App. 3d 485, 496.) Such a contract differs from a "contract implied in fact" in that it arises by implication of law wholly apart from the usual rules relating to contracts and does not depend upon the agreement or consent of the parties. (*In re Estate of Milborn* (1984), 122 Ill. App. 3d 688, 690.) As the court in *Industrial Lift Truck Service Corp. v. Mitsubishi International Corp.* (1982), 104 Ill. App. 3d 357, aptly stated:

"One party performs a service that benefits another. The benefitting party has not requested the service but accepts the benefit. Circumstances indicate the services were not intended to be gratuitous. As a result, the law will sometimes impose a duty on the benefitting party to pay for the services rendered despite the lack of a contract. [Citation.]" 104 Ill. App. 3d 357, 360.

In the present case the trial court's memorandum opinion stated that the plaintiff's testimony showed experience, a successful business and an existing business relationship between the parties. The trial court also found that the defendant was well aware that the plaintiff did not perform his work or trade without compensation. The trial court noted that the work had been a benefit to the defendant. In the absence of evidence to the contrary, we must assume that the trial

court found the elements to establish recovery under a contract implied by law to exist.

In its brief the plaintiff requests that this court award its costs and attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611). This section was amended on November 25, 1986, and provides in pertinent part:

> "The signature of an attorney or party constitutes a [certification] by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. \*\*\* If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of [a] pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.)

The plaintiff argues in this regard that we should award sanctions in the form of attorney fees pursuant to this section as the defendant's arguments on appeal have no basis in the law. In our opinion, however, the circumstances do not warrant an award of attorney fees.

Initially, on examination of section 2—611, we take judicial notice of the fact that its provisions are almost identical to Rule 11 of the Federal Rules of Civil Procedure. Thus, as there is no controlling precedent to guide us in our interpretation of the new section 2—611, it is reasonable for us to examine Federal case law which construed Rule 11, after which section 2—611 is clearly modeled.

Appellate briefs constitute "other papers" for purposes of Rule 11. (*Thornton v. Wahl* (7th Cir. 1986), 787 F.2d 1151, 1153, *cert. denied* (1986), 479 U.S. ___, 93 L. Ed. 2d 116, 107 S. Ct. 181.) Thus, the plaintiff's attorney is obligated to file an appellate brief which complies with the requirements of Rule 11 or be subject to sanctions. In *Thornton v. Wahl*, a case which awarded the defendant costs and attorney fees, the United States Court of Appeals for the Seventh Circuit stated:

"Rule 11 requires counsel to study the law before representing its contents to a federal court. An empty head but a pure heart is no defense. The Rule requires counsel to read and consider before litigating. Counsel who puts the burden of study and illumination on the defendants or the court must expect to pay attorneys' fees under the Rule. [Citations.] We do not say that Mrs. Thornton and her lawyers acted with the subjective purpose to misstate the law and harass the defendant. The test under Rule 11 is objective. [Citations.] The point, rather, is that every lawyer must do the necessary work to find the law *before* filing the brief. It is not acceptable to make an assertion of law and hope that it will turn out to be true." (Emphasis in original.) 787 F.2d 1151, 1154, *cert. denied* (1986), 479 U.S. ___, 93 L. Ed. 2d 116, 107 S. Ct. 181.

The defendant argues in this appeal that as the court found a 59.8% reduction in gravel used, it should have also reduced the hauling and spreading portion of the award in like fashion, lowering it to $5,359.50. Without filing a report of proceedings, however, we have no basis upon which to determine the truth of such an unsupported assertion.

The defendant also argues, citing *Slater v. Jacobs* (1977), 56 Ill. App. 3d 636, that the court erroneously failed to consider the value of the benefit to the defendant. We note that the *Slater* case offers weak support for the defendant's proposition that courts must take into account the value to the defendant. (See 56 Ill. App. 3d 636, 639.) From that premise the defendant argues, similarly without support in the record, that since only 10% of the lot was in use at any time, it is, therefore, liable for only 10% of the cost of the work, or $896.

In our opinion, section 2—611 was intended to prevent counsel, through passionate advocacy, from making assertions of *law* for which there is no support. (*Thornton v. Wahl* (7th Cir. 1986) 787 F.2d 1151, 1153.) In contrast, these two arguments refer to assertions of *fact* for which the defendant has provided no support whatsoever. In addition, the defendant's third argument is more a misapplication of an existing law referring to contracts implied in law, rather than a misstatement of law. In view of the foregoing, the plaintiff's request for fees is denied. Accordingly, the decision of the circuit court is affirmed.

Affirmed.

REINHARD and WOODWARD, JJ., concur.