ROBERT DARNALL *et al.*, Plaintiffs-Appellants, v. THE CITY OF MON-
TICELLO, Defendant-Appellee.

Fourth District   No. 4—87—0723

Opinion filed April 21, 1988.

James L. Ayers, of Monticello, for appellants.

Jeffrey W. Tock, of Phebus, Tummelson, Bryan & Knox, of Urbana, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs Robert Darnall and Nancy Darnall filed a complaint for declaratory judgment against defendant the city of Monticello in the circuit court of Piatt County. Plaintiffs had sought a conditional use permit to build a duplex on property which they owned in an area of Monticello which was zoned for single-family houses. The permit was denied by the city planning commission and the city council. The declaratory judgment action asked that defendant's zoning ordinance be declared void and unenforceable against plaintiffs' property. After a bench trial, the trial court found in favor of the defendant. Plaintiffs have appealed claiming (1) violations of their procedural and substantive due process rights; (2) substantial reliance by them on the owners' certificate to their property which permitted such a use; and (3) denial of the conditional use permit by defendant was arbitrary and unreasonable. We affirm.

■ The first two points raised by plaintiffs on appeal have been waived as they were not raised in the trial court. The theory upon which a case is tried in the lower court cannot be changed on review and an issue not presented to or considered by the trial court cannot be raised for the first time on review. (*Moehle v. Chrysler Motors Corp.* (1982), 93 Ill. 2d 299, 303, 443 N.E.2d 575, 577; *Tomaso v. Plum Grove Bank* (1985), 130 Ill. App. 3d 18, 25, 473 N.E.2d 588, 594.) A review of the record in this case reveals the complaint itself was rather broadly worded but the trial consisted only of evidence presented on the issue of the propriety of the defendant's actions in denying the conditional use permit. To permit plaintiffs to argue any other theory on appeal would be grossly unfair to defendant, who may have had other evidence it could or would have introduced at trial to attempt to refute the contentions of plaintiffs. Therefore, we find the first two issues argued by plaintiffs on appeal, due process and substantial reliance, to have been waived since not raised in the trial court below.

■ The final issue raised by plaintiffs is that of the reasonableness of the decision by defendant to deny a conditional use permit to them. The plaintiffs have the burden of establishing by clear and convincing evidence that the denial of the conditional use permit was arbitrary and unreasonable and bore no relation to the public health, safety, morals or general welfare of the community. (*Duggan v. County of Cook*

(1975), 60 Ill. 2d 107, 111-12, 324 N.E.2d 406, 408-09.) The trial court found this to be the applicable standard and after hearing the evidence found the plaintiffs had failed to sustain their burden of proof. The trial court was the trier of fact and best able to judge the credibility of the witnesses. This court will not substitute its judgment for the trial court in a bench trial unless the judgment is shown to be against the manifest weight of the evidence. *Schroeder v. Meier-Templeton Associates, Inc.* (1984), 130 Ill. App. 3d 554, 559, 474 N.E.2d 744, 749.

■ After reviewing the record before us, we cannot say the decision of the trial court is against the manifest weight of the evidence. The evidence indicated the plaintiffs purchased several lots in the Surrey Hills West subdivision of Monticello. On two of the lots they built single-family homes but their testimony was that they purchased the last lot with the intention of building a duplex there. They further stated they expected to spend $90,000 to $100,000 in constructing the duplex and intended to retire in one half while renting out the other. Plaintiffs did not check the applicable zoning prior to purchasing the property, but instead relied on the representations of the subdivision developers and the owners' certificate provided by them which contained a provision allowing both single-family and two-family homes to be built on the lots in the subdivision.

During the time period in which plaintiffs have owned the lot in question the applicable zoning either allowed only single-family residences with no exceptions or provided for single-family dwellings by right and multiple-family dwellings, including duplexes, only with the issuance of a conditional use permit. The latter provision was the state of the zoning at the time plaintiffs applied for a building permit to build their duplex. Plaintiffs first applied for a building permit in 1983 and were informed they would have to obtain a conditional use permit first. They were denied a permit at that time because of the objections of many of their neighbors.

Plaintiffs next applied for a building permit in 1985 and were again told they would first have to obtain a conditional use permit. Their application for a conditional use permit included six specific items which the defendant's planning commission would have to address and find favored plaintiffs before it could vote to grant the conditional use permit. The planning commission found against plaintiffs on two of the conditions:

> "2. The conditional use will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted nor substantially diminish or impair property values within the neighborhood.

3. The establishment of the conditional use will not impede the normal and orderly development and improvement of surrounding property for uses permitted in the district."

The recommendation by the planning commission to deny the conditional use permit was affirmed by the city council.

Testimony at trial indicated all of the lots in the subdivision which were not vacant were occupied with single-family residences except for one lot on the opposite edge of the subdivision from plaintiffs' lot which contained two eight-unit apartment buildings which had been erected before plaintiffs bought their lot. Plaintiffs presented the testimony of a retired real estate broker, Charlotte Hudson, who had previously worked in Monticello and had done appraisals there. It was her testimony that she never found it to be the case that it was necessary to discount the value of appraised property if it was close to a duplex. She further expressed the opinion the proposed duplex would not devalue any of the surrounding property and would not endanger the public health, safety, morals or general welfare of the neighborhood any more than did a duplex located immediately north of but outside the subject subdivision.

Plaintiffs also presented the testimony of the Piatt County supervisor of assessments, who testified he would not reduce the market value assigned to a single-family residence because it was located next to a duplex. He further testified a duplex worth $100,000 built in Surrey Hills West subdivision would not make any difference in the value of the surrounding property.

Defendant presented the testimony of James L. Brown, a real estate appraiser with vast experience stretching over many years in the area of Illinois in which the subject property is located. He testified in his opinion the effect of the introduction of a duplex on adjacent single-family homes will be to devalue those adjacent properties when both are in a similar value range, as would be the case if plaintiffs were allowed to build their proposed duplex. As his reasons, Brown stated a duplex indicates its use, tends to increase population, introduces renters and has a lesser size and value than the adjacent properties. Brown estimated the dwelling presently on each side of the proposed duplex and the one immediately across the street would be reduced in value $3,000 per residence. Those on either side of the house directly across the street would see their value reduced by $2,000, and all other homes on the block would be devalued by $500.

Defendant also presented the testimony of four neighbors to the proposed duplex site, several of whom had also testified before the planning commission when plaintiffs had applied for the conditional

use permit. The neighbors agreed if they had known a duplex was going to go in next door or across the street, they would either not have bought their property or would have submitted lower purchase price offers before doing so. One of the neighbors who had previously lived in a duplex testified she did not like living there because renters did not care about their property or how they treated their neighbors because they were essentially transient.

There was also testimony from a city planner who stated that traditionally there has been a need and desire within communities to maintain exclusively single-family areas for reasons of character, neighborhood density, traffic, noise and preservation of stability. She testified permitting a two-family structure in a predominantly single-family neighborhood is a statement by the governing body that the area is suitable for mixed-use residential development and compromises the single-family status of it. The impact on the neighborhood in such a circumstance would be negative because of an increase in population density and traffic generated.

The trial court noted the differences of opinion expressed as to the effect of the proposed duplex on the neighborhood but specifically found Mr. Brown to be more qualified and more credible than Mrs. Hudson. As stated previously, we defer to the trial court on issues of credibility. The trial court further found after reviewing all of the evidence presented, including the objections of the neighbors, that the plaintiffs had failed to prove the defendant had acted in an inappropriate, arbitrary and capricious manner in denying the conditional use permit. We agree with the decision of the trial court and find it was not against the manifest weight of the evidence.

■ Finally, defendant has moved in this court for its costs and reasonable attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Code) (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611) incurred as a result of plaintiffs' appeal. This motion has been taken with the case.

Section 2—611 provides in pertinent part:

> "The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. *** If a pleading, motion, or other paper is signed in

violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.) This provision is found in the portion of the Code dealing with pleadings. It does not involve procedure in the appellate court. Further, under article VI of the Illinois Constitution of 1970 and its predecessor, the supreme court and not the legislature has the exclusive power to provide by rule for procedure in the appellate court. (See *People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541, 545; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 65-66, 237 N.E.2d 495, 497-98.) No supreme court rule provides for the imposition of fees and costs on a party as the result of an unwarranted appeal.

Defendant attempts to base its claim for fees on the recent decision in *Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 505 N.E.2d 387. In that case the defendant brought a motion for sanctions for the first time in the appellate court. As defendant had directed its motion to the frivolous filing of the complaint, the appellate court had found plaintiffs' complaint to be frivolous and without legal foundation and plaintiffs made no objection to defendant's motion, the court remanded the case to the trial court for a determination of reasonable fees and costs in defending the cause at trial. The trial court was also instructed to assess reasonable fees and costs for the needless extension of the case by plaintiffs in appealing. (*Britt*, 153 Ill. App. 3d at 614-15, 505 N.E.2d at 393.) The *Britt* case is not precedent for awarding fees and costs solely for an allegedly frivolous appeal, but even if it were, the facts here differ so that it would not be controlling. In this case, in addition to plaintiffs' vehement objections to defendant's motion, the motion was directed toward plaintiffs' appellate filings alone. We have made no findings that plaintiffs' arguments on appeal were frivolous or unwarranted. There is no specific grant of authority to the appellate court to award fees and costs on appeal and no basis to do so in this particular case.

Defendant's motion taken with the case is denied. The judgment of the circuit court of Piatt County is affirmed.

Affirmed.

GREEN, P.J., and LUND, J., concur.