EVELYN R. WILEY, Plaintiff-Appellant, v. HENRY HOWARD, Defendant-Appellee.

Second District   No. 2—88—0562

Opinion filed March 17, 1989.

W.H. Major, of Major, Fennell & Associates, Ltd., of Wheaton, for appellant.

Susan L. Satter, of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiff, Evelyn R. Wiley, D.D.S., appeals from an order of the circuit court of Du Page County assessing against her $1,012.50 in attorney fees pursuant to sections 2—611 and 12—817 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, pars. 2—611, 12—817) incurred by defendant, Henry Howard, in connection with the wrongful issuance of wage-deduction orders.

The following relevant facts appear from the record. Plaintiff brought suit against defendant for recovery of $730.50 for dental services rendered. A default judgment against defendant for $730.50 plus costs was subsequently entered. Plaintiff thereafter filed with the circuit court an affidavit for a wage-deduction order against defendant's employer, the Chicago Transit Authority (CTA). On November 23, 1987, prior to the summons' return date, the CTA filed its answers to the interrogatories served upon it, indicating that it had withheld $834.50 from defendant's paycheck. The CTA did not, however, send a copy of its answer to plaintiff's attorney as directed in the interrogatories. On December 21, 1987, plaintiff moved for entry of a conditional judgment against the CTA, alleging failure to respond to the interrogatories.

Plaintiff further served defendant with a citation to discover assets. Defendant failed to appear and a rule to show cause was issued. When defendant failed to appear as required by this order, a writ of attachment was issued, and defendant posted bond of $100, which he forfeited to plaintiff's attorney on January 8, 1988. At that time, plaintiff was informed that the CTA was making wage deductions pursuant to the previously served wage-deduction order and a second wage-deduction order sought by plaintiff on December 29, 1987.

On January 21, 1988, plaintiff filed an affidavit for a third wage-deduction order, which was issued. No credit for amounts previously collected was stated, and the costs were increased; however, the CTA continued to deduct amounts from defendant's paycheck, collecting an additional $551.44 by March 9, 1988, at which point over $1,400 was available to satisfy plaintiff's judgment.

On April 5, 1988, defendant filed a motion to vacate the second and third wage-deduction orders and sought an award of attorney fees pursuant to sections 2—611 and 12—817 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1987, ch. 110, pars. 2—611, 12—817). An affidavit of defendant's attorney states that prior to filing the motion, she made several attempts to contact plaintiff's attorney to resolve the situation. Upon agreement that the judgment had been paid, the parties further agreed to the dismissal of all the wage-deduction orders. Following arguments of counsel, the circuit court ordered plaintiff to release $68.56, constituting overpayment of the judgment, and ordered plaintiff to pay defendant's attorney $1,012.50 in fees pursuant to sections 2—611 and 12—817 of the Code.

Plaintiff contends on appeal that the circuit court erred in awarding attorney fees to defendant pursuant to sections 2—611 and 12—817 because she had reasonable cause for issuance of the second and third wage-deduction orders as defendant's employer, the CTA, failed to supply plaintiff with a response to the initial summons.

■ Section 12—817 of the Code provides, "[i]f any person wrongfully causes summons to issue for a deduction order, he or she shall be liable to the employee and the employer for all damages occasioned by such action including reasonable attorney fees, which damages or attorney fees may be proved in the same action in which the summons was wrongfully issued." (Ill. Rev. Stat. 1987, ch. 110, par. 12—817.) In the instant case, plaintiff had no cause for the issuance of additional summons after an amount sufficient to satisfy the judgment had been collected under the initial wage-deduction order. Moreover, the third wage-deduction order was secured on January 20, 1987, after plaintiff was informed on January 8, 1987, that the CTA was making deductions. While plaintiff notes the lack of case law relevant to the question of when summons is "wrongfully" issued, it is clear that an objective of the statute is protection of judgment debtors from deductions of wages exceeding that necessary to satisfy the judgments against them. We believe that the issuance of summons for amounts in excess of the judgment is wrongful under the circumstances here.

■ Plaintiff contends, however, that the CTA's failure to serve upon plaintiff a copy of the answers to interrogatories justified the issuance of further summons. We disagree. Plaintiff could easily have searched the circuit court records to determine with certainty whether answers had been filed. This would constitute no excessive hardship to plaintiff under the facts present in this case. Had plaintiff checked the court file on January 8, 1987, when plaintiff and defendant were in court on this matter, it would have disclosed that the

CTA's answers to the interrogatories filed on November 23, 1986, indicate that $834.50 was being withheld.

Furthermore, by filing a motion for entry of a conditional judgment against the CTA on December 21, 1986, pursuant to section 12—807 of the Code (Ill. Rev. Stat. 1987, ch. 110, par. 12—807), plaintiff adequately insured her ability to collect the judgment against defendant in the event that the CTA, as plaintiff believed, was not making deductions from defendant's wages. (See *Aurora National Bank v. Simpson* (1983), 118 Ill. App. 3d 392, 395, 454 N.E.2d 1132.) Moving for entry of a conditional judgment protected plaintiffs and obviated the need to file further summons leading to excessive deductions from defendant's wages.

■ We thus find that the circuit court properly assessed attorney fees against plaintiff pursuant to section 2—817. In doing so, we express no opinion as to the existence of possible defenses to liability under different circumstances. Having so found, we need not consider whether section 2—611 would also support the award of fees in the instant case.

■ Defendant has moved in this court for an award of attorney fees, costs, and expenses on appeal pursuant to section 2—611 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—611). In his motion, taken with the case, defendant cites *Aroonsakul v. Flanagan* (1987), 155 Ill. App. 3d 223, 507 N.E.2d 1, wherein it was held that pursuant to section 2—611 a party may be awarded the costs of defending an appeal which is "a needless extension of a baseless lawsuit," citing cases decided under section 41 of the Civil Practice Act, the predecessor to section 2—611. (155 Ill. App. 3d at 230, 507 N.E.2d at 6; see also *Britt v. Federal Land Bank Association* (1987), 153 Ill. App. 3d 605, 615, 505 N.E.2d 387; *Manchester Insurance & Indemnity Co. v. Strom* (1970), 122 Ill. App. 2d 183, 190, 258 N.E.2d 150.) Defendant in his motion, however, seeks the award based only upon his assertion that the appeal is frivolous and lacks merit.

In *Darnall v. City of Monticello* (1988), 168 Ill. App. 3d 552, 522 N.E.2d 837, the Appellate Court for the Fourth District distinguished awards of attorney fees and costs for the needless extension of a baseless lawsuit from the situation where it is merely alleged that an appeal is frivolous and held that, in the latter case, attorney fees and costs on appeal are not available under section 2—611, nor are they provided for by the supreme court rules. (168 Ill. App. 3d at 556-57, 522 N.E.2d at 840-41.) Because section 2—611 is penal, its provisions should be invoked only in cases falling strictly within its terms. (*In re Estate of Wernick* (1989), 127 Ill. 2d 61, 77.) We find no authority in

section 2—611 in its current form for an award of attorney fees and expenses incurred for defense of a meritless appeal. Moreover, section 2—611 is located in the portion of the Civil Practice Law governing pleadings and does not involve procedure in the appellate court. (*Darnall*, 168 Ill. App. 3d at 557, 522 N.E.2d at 840.) The supreme court, rather than the legislature, has the power to issue rules regulating appeals. (*People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541; *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 65-66, 237 N.E.2d 495; *Darnall*, 168 Ill. App. 3d at 557, 522 N.E.2d at 840.) No supreme court rule authorizes an award of attorney fees or litigation expenses on appeal for the filing of a frivolous or meritless appeal, as does Rule 38 of the Federal Rules of Appellate Procedure.

We recognize that our decision in *Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 511 N.E.2d 831, states that Rule 11 of the Federal Rules of Civil Procedure, after which section 2—611 is modeled, has been interpreted in one Federal decision cited therein to allow attorney fees as a sanction for misstatements of law in an appellate brief, suggesting that section 2—611 would also allow attorney fees for misstatements of law in appellate briefs filed in the Illinois reviewing courts. (158 Ill. App. 3d at 224-25, 511 N.E.2d at 836; see also *Davis v. Chicago Housing Authority* (1988), 176 Ill. App. 3d 976, 986, 531 N.E.2d 1018.) We need not reexamine the analysis in *Frisch Contracting Service Co.,* as it is not any authority for the proposition that such an award is available where it is merely contended that the appeal is frivolous or without merit, as is defendant's contention here. Therefore, the motion for attorney fees and expenses on this appeal is denied, except that costs are allowable as provided for in Supreme Court Rule 374 (107 Ill. 2d R. 374).

For the foregoing reasons, the judgment of the circuit court is affirmed, and defendant's motion is denied.

Affirmed.

UNVERZAGT, P.J., and INGLIS, J., concur.