SCOTT DUNAWAY *et al.*, Minors, by Barbara Dunaway, their Mother and Next Friend, and Barbara Dunaway, Indiv., Plaintiffs-Appellants, v. ASH-LAND OIL, INC., *et al.*, Defendants (Long, Rabin & Young, Ltd., Appellants; Douglas C. Lambert *et al.*, Defendants-Appellees).

Fifth District No. 5—87—0792

Opinion filed October 3, 1989.

Duane D. Young, of Long, Rabin & Young, Ltd., of Springfield, and Paul J. Bargiel, P.C., of Chicago, for appellants.

Patrick J. Hitpas and T. Fritz Levenhagen, both of Patrick J. Hitpas, P.C., of Carlyle, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

Plaintiffs brought a multicount complaint against multiple defendants seeking recovery for personal injury, loss of consortium, and expenses, arising out of an explosion which occurred in Centralia, Illinois. On March 6, 1987, summary judgment was granted in favor of the defendants, Douglas and Judy Lambert. On April 1, 1987, the Lamberts filed a motion for attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611), against both the plaintiffs and their attorneys. Subsequently, plaintiffs filed a response to defendants' motion and moved that attorney fees be assessed against the defendants under section 2—611. The circuit court denied plaintiffs' motion for section 2—611 sanctions and granted defendants' motion for section 2—611 sanctions against plaintiffs' attorneys. On appeal plaintiffs challenge the court's order as to both section 2—611 rulings. The defendants have filed a motion to dismiss plaintiffs' appeal.

Defendants' motion to dismiss raises the issue of this court's jurisdiction of this appeal. Defendants cite the recent second district case of *Sherman Hospital v. Wingren* (1988), 169 Ill. App. 3d 161, 523 N.E.2d 220, in support of their argument that since the trial court imposed section 2—611 sanctions only on plaintiffs' attorneys and not on plaintiffs themselves and that since the ruling did not prejudice any right of the plaintiffs and a reversal of the ruling would not benefit plaintiffs in any manner, plaintiffs lack standing to appeal the imposition of sanctions against their attorneys. Defendants concede that plaintiffs' attorneys would be entitled to raise the section 2—611 issue for appeal, but argue that since they failed to do so the appeal should be dismissed.

In *Sherman*, section 2—611 sanctions were imposed against defendants' attorneys at trial, and the defendants sought review of the trial court's imposition of a sanction. The appellate court refused to reach the merits of the issue, holding that defendants were not entitled to raise the issue of sanctions entered against their attorneys only. The court reasoned that the imposition of sanctions in that case did not prejudice any right of defendants nor would a reversal of the ruling benefit defendants in any way.

We decline to adopt the ruling of the *Sherman* court in the case at bar and agree instead with the ruling in *Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 525 N.E.2d 995. In that case attorney fees were assessed against a law firm representing a plaintiff in a personal injury action. The law firm's standing to appeal the judgment entered against it was questioned. In finding that the law firm had standing, the court held that although the firm was a nonparty to the lawsuit which gave rise to the judgment, it was evident that the judgment directly affected a pecuniary interest and that interest appears in the record on appeal. The court reasoned that a nonparty is prejudiced or aggrieved in the legal sense when a legal right has been invaded or a pecuniary interest has been directly affected. (*Ignarski*, 171 Ill. App. 3d at 833, 525 N.E.2d at 997.) The nonparty's interest must appear in the record or be alleged in the points relied on for reversal. *Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627, 631, quoting *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 530, 44 N.E.2d 592, 595.

■■ In the instant case it is undeniable that plaintiffs' counsel has a direct pecuniary interest in this appeal. Sanctions under section 2—611 of the Code of Civil Procedure were assessed against plaintiffs' counsel, and the trial court specifically enjoined plaintiffs' attorneys from seeking or accepting reimbursement from the plaintiffs for the sanctions. It is clear that the judgment entered against counsel directly affected a pecuniary interest and this interest appears in the record on appeal. We find, therefore, that counsel for the plaintiffs do have standing to prosecute the instant appeal.

■■ ■ We next address the issue of whether failure to join plaintiffs' counsel as party appellants to this appeal precludes this court from deciding the merits. Whenever a party has been omitted whose presence is so indispensable to a decision of the case upon its merits that a final decree cannot be made without materially affecting his interests, the court should not proceed to a decision on the merits. (*Hobbs v. Pinnell* (1959), 17 Ill. 2d 535, 536, 162 N.E.2d 361, 362.) The requirement of "joinder" of necessary parties is absolute and inflexible and applies to trial courts as well as to appellate courts, which have a duty to enforce this principle of law *sua sponte* as soon as it is brought to their attention. (*Glickauf v. Moss* (1974), 23 Ill. App. 3d 679, 683, 320 N.E.2d 132, 136.) Section 2—407 of the Code of Civil Procedure provides:

"§2—407. Nonjoinder and misjoinder of parties—Change of parties. No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first

affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require on terms which the court may fix." (Ill. Rev. Stat. 1987, ch. 110, par. 2—407.) It would be inappropriate for us to dismiss this appeal simply because plaintiffs' counsel were not joined as indispensable parties, since failure to join an indispensable party does not deprive a court of its jurisdiction over parties that are properly before it. *Moenning v. Commonwealth Edison* (1985), 134 Ill. App. 3d 468, 472, 481 N.E.2d 36, 39.

 ▌ We note that the purpose of a notice of appeal is to inform the party in whose favor judgment has been rendered that the unsuccessful party desires a review of the judgment. Accordingly, the notice of appeal is to be liberally construed. (*McMahon v. McMahon* (1981), 97 Ill. App. 3d 448, 450, 422 N.E.2d 1150, 1152.) When the deficiency in the notice is one of form and not of substance, the appeal may still be entertained by the reviewing court. (*In re Estate of Malloy* (1981), 96 Ill. App. 3d 1020, 1024, 422 N.E.2d 76, 80; *In re Estate of Kaluza* (1978), 62 Ill. App. 3d 267, 269, 379 N.E.2d 78, 79-80.) The present notice of appeal attains its purpose and sufficiently apprises the defendants that plaintiffs' counsel seek review of the imposition of section 2—611 sanctions. We mustn't forget that the requirements of notice are to be given a liberal application to make certain a case will be considered on the merits by the court of review. (*Moenning*, 134 Ill. App. 3d at 471, 481 N.E.2d at 39.) In this case there is no showing that the formal defect in not naming plaintiffs' counsel as party appellants prejudiced defendants. We herewith join plaintiffs' counsel as party appellants to this cause and find that this court has jurisdiction to decide this appeal.

With the question of jurisdiction resolved, we turn to the substantive issues. Presented for our review is the question of whether the trial court erred in its rulings as to each party's motion for sanctions under section 2—611. We will first address the plaintiffs' argument that the trial court erred in ordering sanctions against plaintiffs' attorneys. Plaintiffs reason that no recognized action against plaintiffs' attorneys existed at the time the pleadings complained of were filed. The complaint in this case was filed August 14, 1986. On April 1, 1987, defendants filed their motion for attorney fees and costs alleging that the trial court entered summary judgment in their favor, that plaintiffs' complaint was not well grounded in fact, and that had plaintiffs conducted an investigation of the facts of the case, defendants would not have been made party to the case and would not have

incurred attorney fees or costs related to the defense of the case. Prior to November 25, 1986, section 2—611 of the Code of Civil Procedure provided, *inter alia:*

> "Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses, actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal." (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.)

This version of section 2—611 was applicable only against parties, not their attorneys. (*Ignarski v. Heublein* (1988), 171 Ill. App. 3d 830, 835, 525 N.E.2d 995, 997; *Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 259, 403 N.E.2d 1321, 1323.) It wasn't until the current version of section 2—611 became effective on November 25, 1986, that sanctions under the rule could be imposed on attorneys, as persons who sign pleadings, motions or other papers in violation of the statute. (Ill. Ann. Stat., ch. 110, par. 2—611, Supplement to Historical & Practice Notes, at 21 (Smith-Hurd Supp. 1988).) The question for our review is whether sanctions against a party's attorney may be imposed with regard to pleadings filed prior to the effective date of section 2—611.

■ We find that the amended version of section 2—611 does not effect a mere change in existing procedure, but rather creates an obligation on plaintiff's attorney which did not exist before. (*Board of Education of School District No. 170 v. Illinois State Board of Education* (1984), 122 Ill. App. 3d 471, 477, 461 N.E.2d 567, 571.) Because these types of statutes are penal in nature, they may be invoked only in cases falling strictly within their terms. (*People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 889, 471 N.E.2d 654, 657; *Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628, 630.) As such, we are inclined to adopt the view which other districts have elected, that amended section 2—611 is not to be applied retroactively against the party's counsel. (*Prevendar v. Thonn* (2d Dist. 1988), 166 Ill. App. 3d 30, 39, 518 N.E.2d 1374, 1381; *Ignarski v. Heublein* (1st Dist. 1988), 171 Ill. App. 3d 830, 837, 525 N.E.2d 995, 998.) Our inquiry is not complete, however, since defendants have argued that even if section 2—611 is not to have retroactive application, the better rule is that the duty imposed by amended section 2—611 is a continuing duty. Defendants suggest that plaintiffs' attorneys should be subject to sanctions for not withdrawing the complaint once they obtained undisputed evidence that contradicted an essential allegation of the complaint. Defendants have cited as authority

for their position *City of Springfield v. Beck* (1976), 34 Ill. App. 3d 784, 340 N.E.2d 350, and *Grandys v. Spring Soft Water Conditioning Co.* (1968), 101 Ill. App. 2d 225, 242 N.E.2d 454.

In both *City of Springfield* and *Grandys*, attorney fees were awarded to the defendants as a sanction against the plaintiff. In *Grandys* fees were awarded to the defendant where plaintiff filed his complaint even though the improper joinder of the defendant could have been determined by perfunctory investigation prior to filing. In *City of Springfield*, plaintiff filed a petition to condemn certain property, naming as interested parties holders of legal title to the property. Plaintiff filed its complaint and made allegations with reference to title without the benefit of a title search. Title was in fact not in the defendants named in plaintiff's complaint, and as such fact could have been easily ascertained from an examination of the record of title, sanctions were imposed and were upheld on appeal.

The obvious difference between those cases and the case at bar is that in *City of Springfield* and *Grandys* prior section 41 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 41) was applied. It is true that section 2—611 of the Code of Civil Procedure prior to its amendment of November 25, 1986, was an adaptation of section 41 of the Civil Practice Act (Ill. Ann. Stat., ch. 110, par. 2—611, Joint Committee Comments, at 265 (Smith-Hurd 1983)). It is also true, however, that neither section 41 nor former section 2—611 gave rise to attorney liability. Those sections were applicable only against parties, not their attorneys. *Evans v. Stoval* (1980), 83 Ill. App. 3d 257, 259-60, 403 N.E.2d 1321, 1323.

Aside from the obvious distinction between the cases defendants cite as authority and the instant case, the fallacy in applying *Grandys* and *City of Springfield* to the case at bar is that in those cases plaintiff filed suit even though a cursory review of public records would have revealed the impropriety of joining defendants as parties. Furthermore, in *Grandys* a deposition taken prior to the summary judgment hearing conclusively revealed that plaintiff had joined the wrong party and that litigation should have been discontinued. In the instant case, at the trial court's hearing on motions for assessment of fees, plaintiffs argued that their office did conduct a preliminary title investigation to determine the rightful parties to be joined as defendants. Plaintiffs obtained a lease covering the entire subdivision where the oil tanks which exploded were located. Plaintiffs' prefiling investigation also revealed an aerial photograph which depicted all of the subdivision lots as being interconnected. Contrary to the facts in *Grandys* and *City of Springfield*, plaintiffs' attorneys in the case at bar

researched the land holdings and based their decision to include the defendants as parties in the suit on the subdivision lease and aerial photograph of the lots in the subdivision. The facts of this case show that plaintiffs could not have known the Lamberts were improper parties by simply conducting a perfunctory investigation. In neither of the cases relied on by defendants did the plaintiffs conduct even a cursory investigation of the defendants' interests; therefore, the precedential value of *Grandys* and *City of Springfield* for the case at bar is minimal.

Defendants offer no other authority as justification for holding that section 2—611 imposes a continuing duty upon counsel as to pleadings filed prior to the effective date of section 2—611. Defendants argue, however, that the intent and purpose of section 2—611 mandate that the duty imposed by the statute is a continuing one, requiring complainants to reexamine the allegations in their pleadings, motions and other papers filed prior to the effective date of the current version of the statute. We decline to adopt defendants' suggested continuing duty standard upon attorneys with regard to application of section 2—611.

■ Since few Illinois courts have had the opportunity to apply the amended section 2—611, and there is no controlling precedent to guide us in our interpretation of the new section 2—611 as it applies to the issue of continuing duty, it is reasonable for us to examine Federal case law which has dealt with the issue in applying Federal Rule 11, after which section 2—611 is modeled. We note that the provisions of section 2—611 are almost identical to the provisions of Rule 11 of the Federal Rules of Civil Procedure. The following provision of amended section 2—611, which is the pertinent provision in the case at bar, is identical to the language of Federal Rule 11:

> "Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose name and address shall be stated. A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not

interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this Section, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney's fee." (Ill. Rev. Stat. 1987, ch. 110, par. 2—611.)

The consensus of the Federal courts of appeal that have ruled on the issue of imposing a continuing duty under Rule 11 has been that Rule 11 does not impose a continuing obligation. (See *Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir. 1986), *cert. denied* (1987), 480 U.S. 918, 94 L. Ed. 2d 689, 107 S. Ct. 1373; *Gaiardo v. Ethyl Corp.* (3d Cir. 1987), 835 F.2d 479; *Thomas v. Capital Security Services, Inc.* (5th Cir. 1988), 836 F.2d 866; *Pantry Queen Foods, Inc. v. Lifschultz Fast Freight, Inc.* (7th Cir. 1987), 809 F.2d 451; *Golden Eagle Distributing Corp. v. Burroughs Corp.* (9th Cir. 1986), 801 F.2d 1531 (refers to committee comment that courts should look at the situation which existed when the paper was filed); *Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.* (11th Cir. 1989),877 F.2d 938.) These courts correctly argue that the plain language of Rule 11 does not include a continuing duty; they also rely on the advisory committee note, which they interpret to prohibit imposition of a continuing obligation. We concur with those Federal courts which have concluded that the plain language of Rule 11, like our section 2—611, does not impose a continuing obligation.

We recognize several other reasons why section 2—611 should not be interpreted as imposing a continuing obligation. The reasons cited below were given in an article discussing the development of Federal Rule 11. They are equally applicable to section 2—611 and we find merit in citing them as reasons for not holding that 2—611 imposes a continuing obligation.

"First, inquiry into what a party or attorney knew can be difficult enough; expanding the inquiry to include when he or she knew it inevitably invites the kind of satellite litigation the drafters sought to avoid. Second, because rule 11 applies to

'other papers' in addition to pleadings, sanctions can be imposed for continuing to assert a baseless claim in such subsequent filings as notices of deposition or trial briefs, without resort to any continuing obligation to modify groundless pleadings." Levin & Sobel, *Achieving Balance in the Developing Law of Sanctions*, 36 Cath. U.L. Rev. 587, 605 (1987).

We find that section 2—611 applies only to an attorney's conduct at the time of the signing of a pleading, motion or other paper. As to pleadings, motions and other papers signed prior to the effective date of the amended section 2—611, an attorney bears no continuing obligation to review and reevaluate the merits of the case.

We now turn to the question of whether this court can authorize the imposition of sanctions against the plaintiffs' attorneys in an amount necessary to reimburse Douglas and Judy Lambert for their expenses and reasonable attorney fees incurred as a result of the plaintiffs filing their March 25, 1987, notice of appeal.

■ There is a divergence of opinion within the districts of Illinois as to the applicability of section 2—611 to appeals. The second and fourth districts have determined that section 2—611 does not authorize awards of fees and costs by appellate courts as a result of frivolous appeals. (See *Holcomb State Bank v. Federal Deposit Insurance Corp.* (2d Dist. 1989), 180 Ill. App. 3d 840, 536 N.E.2d 453; *Wiley v. Howard* (2d Dist. 1989), 180 Ill. App. 3d 721, 536 N.E.2d 186; *Darnall v. City of Monticello* (4th Dist. 1988), 168 Ill. App. 3d 552, 522 N.E.2d 837; *In re Marriage of Stockton* (4th Dist. 1988), 169 Ill. App. 3d 318, 523 N.E.2d 573.) The first and third districts are of the opinion that section 2—611 sanctions may be imposed with regard to appeals. (See *Davis v. Chicago Housing Authority* (1st Dist. 1988), 176 Ill. App. 3d 976, 531 N.E.2d 1018; *Aroonsakul v. Flanagan* (1st Dist. 1987), 155 Ill. App. 3d 223, 507 N.E.2d 1; *Ignarski v. Heublein* (1st Dist. 1988), 171 Ill. App. 3d 830, 525 N.E.2d 995; *Fellows v. Miler* (3d Dist. 1986), 141 Ill. App. 3d 639, 490 N.E.2d 992.) We agree with those courts which have held that section 2—611 confers no authority to the appellate courts. Section 2—611 is penal in nature, and its provisions may be invoked only in cases falling strictly within its terms. (*People ex rel. Donelson*, 128 Ill. App. 3d at 889, 471 N.E.2d at 657.) Although it may be argued that the words "every pleading, motion and other paper" include those papers filed on appeal, section 2—611 does not make specific reference to appellate proceedings. Strict application of section 2—611 demands that it be interpreted as not applying to appeals. We find this consistent with article VI, section 1, of the Illinois Constitution of 1970, which states: "The judicial power is

vested in a Supreme Court, an Appellate Court, and Circuit Courts." (Ill. Const. 1970, art. VI, §1.) The supreme court, rather than the legislature, has the power to issue rules regulating appeals. (*Wiley v. Howard* (1989), 180 Ill. App. 3d 721, 725, 536 N.E.2d 186, 188; *People v. Cox* (1980), 82 Ill. 2d 268, 274, 412 N.E.2d 541, 545, citing *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 65-66, 237 N.E.2d 495, 498.) We find, therefore, that section 2—611 does not confer upon this court authority to impose sanctions as a result of frivolous appeals or frivolous contentions raised on appeal.

In further support of our holding, we refer to Illinois Supreme Court Rule 375 (Illinois Official Reports, No. 13 (June 28, 1989)), which became effective August 1, 1989. That rule states in pertinent part:

> "(b) Appeal Not Taken in Good Faith; Frivolous Appeals. If, after consideration of an appeal, it is determined that the appeal itself is frivolous, or that an appeal was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose, an appropriate sanction may be imposed upon any party or the attorney or attorneys of the party or parties. An appeal will be deemed frivolous where it is not reasonably well grounded in fact and not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law. An appeal will be deemed to have been taken or prosecuted for an improper purpose where the primary purpose of the appeal is to delay, harass, or cause needless expense.
> \*\*\*
> A reviewing court may impose a sanction upon a party or an attorney for a party upon the motion of another party or parties, or on the reviewing court's own initiative where the court deems it appropriate."

Although the legislature has the power to enact laws governing judicial practice where it does not unduly infringe upon the inherent power of the judiciary (*Strukoff v. Strukoff* (1979), 76 Ill. 2d 53, 59, 389 N.E.2d 1170, 1172; *Agran v. Checker Taxi Co.* (1952), 412 Ill. 145, 149, 105 N.E.2d 713, 715), where a rule on a matter within the court's authority and a statute on the same subject conflict, the rule will prevail. (*People v. Cox*, 82 Ill. 2d at 274, 412 N.E.2d at 545; *People v. Jackson* (1977), 69 Ill. 2d 252, 259, 371 N.E.2d 602, 605; *People ex rel. Stamos*, 40 Ill. 2d at 66, 237 N.E.2d at 496-97.) Were we to conclude that section 2—611 confers authority upon the appellate

courts, it is clear that section 2—611 would conflict with Supreme Court Rule 375. Section 2—611 condemns a wider spectrum of conduct than does Rule 375. Section 2—611 sanctions may be imposed as to every pleading, motion or other paper filed in noncompliance with the statute. Rule 375 on the other hand applies to the filing of appeals. We assume that the legislature in enacting section 2—611 intended section 2—611 to have broad application but did not intend it to impinge upon the inherent rulemaking authority of the judiciary. Where more than one construction may be placed on a statute, the court will choose that which leads to a logical result and avoid a construction which leads to an absurd result. *People v. Sansone* (1981), 94 Ill. App. 3d 271, 273, 418 N.E.2d 862, 864; *Board of Education v. Community High School District No. 211* (1967), 89 Ill. App. 2d 481, 485, 232 N.E.2d 316, 318.

Our finding that section 2—611 does not confer authority upon this court to impose sanctions for frivolous appeals is in conformance with Supreme Court Rule 137 (Illinois Official Reports, No. 13 (June 28, 1989)), also effective August 1, 1989, which preempts all matters sought to be covered by section 2—611. Supreme Court Rule 137 closely follows section 2—611 with the exception of a few minor changes which we do not find it necessary to address here. With the advent of Supreme Court Rules 137 and 375, it is now clear that section 2—611, now preempted by Supreme Court Rule 137, does not confer authority upon this court to impose sanctions with respect to frivolous appeals.

■ The next question for our review is whether this court may invoke Supreme Court Rule 375 in imposing sanctions against the plaintiffs' attorneys for bringing this appeal. Just as the amended version of section 2—611 is penal in nature and does more than effect a mere change in existing procedure, Supreme Court Rule 375 imposes an obligation which did not exist before. (See *Board of Education of School District No. 170 v. Illinois State Board of Education* (1984), 122 Ill. App. 3d 471, 477, 461 N.E.2d 567, 571.) Statutes of a penal nature may be invoked only in cases falling strictly within their terms. (*People ex rel. Donelson v. Cowling* (1984), 128 Ill. App. 3d 886, 889, 471 N.E.2d 654, 657.) With this in mind, we hold that Supreme Court Rule 375 is not to be applied to appeals filed with this court prior to the new rules' effective date.

■ We next address the issue on appeal of whether the trial court erred in denying plaintiffs their cross-motion for section 2—611 sanctions. Plaintiffs' motion stated that section 2—611 as amended and put into effect November 25, 1986, had no application to the

plaintiffs or their attorneys in this case, and that no effort was made by defendants to determine whether their motion was warranted by existing law. Plaintiffs argue that these facts require sanctions be imposed against defendants, and that the trial court abused its discretion in denying the plaintiffs' motion for attorney fees and costs. The application of the statute should be limited to cases where a party has abused his right of free access to the courts by pleading untrue statements of fact which the party knew or reasonably should have known were untrue. (*Wollschlager v. Sundstrand Corp.* (1986), 143 Ill. App. 3d 347, 351, 493 N.E.2d 107, 110.) Plaintiffs argue that defendants knew or should reasonably have known that there was no legal foundation for their motion. Even though the defendants' theory of applying section 2—611 retroactively is not recognized by this court, given defendants' unfaltering belief that plaintiffs pled untrue statements of fact, supported by summary judgment in defendants' favor, and defendants' attempted interpretation of section 2—611, we do not find any element of bad faith on the defendants' behalf. The facts, circumstances, motive, intent, or purpose of the pleader are material in determining whether the allegations were made with reasonable cause. (*Wollschlager*, 143 Ill. App. 3d at 352, 493 N.E.2d at 111; *In re Estate of Knutson* (1980), 83 Ill. App. 3d 907, 912, 404 N.E.2d 1003, 1006.) We find that the trial court did not abuse its discretion in denying the plaintiffs' motion for attorney fees and costs in this case.

Accordingly, the trial court's order granting defendants' section 2—611 motion is reversed. The trial court's order denying plaintiffs' section 2—611 motion is affirmed.

Affirmed in part and reversed in part.

RARICK and HOWERTON, JJ., concur.