LARRY J. FELLOWS, Plaintiff-Appellee, v. WILLIAM E. MILER, Defendant-Appellant.

Third District   No. 3—85—0345

Opinion filed March 11, 1986.

Hubert G. Staff, of Scholz, Staff & Palmer, of Quincy, for appellant.

Albert V. Ancelet, of Capps, Ancelet & Stoverink, of Carthage, for appellee.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant, William Miler, appeals the judgment of the circuit court of Hancock County which found for plaintiff, Larry Fellows. The court awarded damages and assessed attorney fees against defendant. We affirm.

Plaintiff and defendant were shareholders in a closely held Iowa corporation, M & E Arcade, Inc. The corporation was formed in 1980. At its inception, plaintiff and defendant each held a 30% interest in the corporation. In October 1982, plaintiff sold half his holdings to two other people.

On December 1, 1982, plaintiff contracted to sell his remaining interest to defendant and two other individuals. Plaintiff properly endorsed the back of his stock certificate and delivered it to the three men. He claimed that thereafter defendant eventually sold his portion to the other two, received payments from them, but failed to tender payment to plaintiff. The corporation's stock transfer records show that, on the agreed date, certificates representing one half of plaintiff's holdings were issued to each of the other two men.

Defendant answered with an affirmative defense alleging that plaintiff failed to deliver the stock and, further, that plaintiff sold the interest that was to go to defendant to third parties.

A bench trial was held on all matters. The affirmative defense was denied. Judgment in favor of the plaintiff was entered in the amount of $20,143 plus court costs and interest from the date of judgment. Plaintiff then moved for an award of attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—611). The trial judge, after a hearing, found that fees were merited and awarded plaintiff $1,089.50 as reasonable fees. After defendant's post-trial motions were denied, he brought this appeal.

Defendant first claims that the finding of the trial court was against the manifest weight of the evidence. Defendant's basis for this

is his allegation that plaintiff was unable to deliver his shares to defendant. He further claims that delivery could not be had until the plaintiff caused the corporation to issue a certificate for the appropriate number of shares to defendant.

Both parties cite section 8—314(2) of the Uniform Commercial Code (Ill. Rev. Stat. 1983, ch. 26, par. 8—314(2)) as controlling. It states in pertinent part: "[A] transferor's duty to deliver a security under a contract of purchase is not fulfilled until he places the security in a form to be negotiated by the purchaser in the possession of the purchaser ***" The committee comments state the obligation imposed by subsection (2) is to require the seller to physically deliver the security. Ill. Ann. Stat., ch. 26, par. 8—314, Uniform Commercial Code Comment, at 284 (Smith-Hurd 1974).

We find the actions of the plaintiff fulfill the requirements of section 8—314. While analysis of the section reveals no prior case law on the issue, "pre-code" law that does not conflict with the section is still valid. (Ill. Rev. Stat. 1983, ch. 26, par. 1—103.) Thus, plaintiff's tendering the certificate endorsed in blank was sufficient. Certificates signed by the owner in blank have the quality of negotiable instruments. *U.S. Gypsum Co. v. Faroll* (1938), 296 Ill. App. 47, 15 N.E.2d 888.

■ Defendant further argues, however, that the bylaws of the corporation state that "transfers of shares of the corporation shall be made only on the stock transfer books of the corporation by the holder of record." This, it is argued, required plaintiff to obtain a certificate for the requisite amount of shares to complete the transfer. However, a transfer of stock in blank is valid and binding even though the transfer is not recorded on the corporate books. (*Hogg v. Eckhardt* (1931), 343 Ill. 246, 175 N.E.2d 382.) We further find that this bylaw imposed no duty on plaintiff after he tendered the endorsed certificate. We see no manner in which he could force the secretary of the corporation to record the transfer and issue a new certificate. Plaintiff had performed his part of the bargain.

■ Defendant next complains of the admission of evidence of payment by one of the other purchasers to defendant. Originally, plaintiff introduced the exhibits, asserting that the relevance would be "connected up." That connection was not made, and the court refused to admit the exhibits. During defendant's case, the relevance was shown.

It was plaintiff's contention that defendant sold the shares purchased from plaintiff to other buyers. This contention arose in response to defendant's affirmative defense that plaintiff had sold the stock to different people. The exhibits were checks made out by Bagley, one of the purchasers from defendant. The amount of the two checks totaled

$16,000.

Originally, the checks were not admitted as they did not support any allegation of the transfer by defendant. Defendant, during his case in chief, then presented the corporate record book. The records evidence a transfer of stock to Bagley. Defendant stated that he did not know why Bagley paid him $16,000. Like the trial court, we find this incredible. We also find, as did the trial court, that this evidence supports the theory of plaintiff's case against the affirmative defense. Evidence is relevant when it tends to prove a fact in controversy more or less probable when tested in light of logic and experience. (*Lebrecht v. Tuli* (1985), 130 Ill. App. 3d 457, 473 N.E.2d 1322.) The evidence met this test, and its admission was not erroneous.

■ Defendant's final contention is that the court erred in assessing attorney fees. The basis for this is defendant's denial of plaintiff's allegations that plaintiff "had performed all the terms and conditions" of the contract. As we stated above, plaintiff did fulfill his duties. Thus, the denial was false. The court must then consider what information was available at the time the action was initiated in order to determine if there was probable cause. *In re Eatherton* (1983), 119 Ill. App. 3d 174, 456 N.E.2d 327.

The trial court considered the following facts: Plaintiff had endorsed the certificate in blank; the certificate was physically delivered to the three purchasers; defendant, president of the corporation, then caused the corporation to issue new shares; and defendant received $16,000 from Bagley for no apparent reason. We feel that these facts support the trial court's finding that the statement was made without probable cause. As such, the award of attorney fees is not an abuse of discretion and does not require reversal. *Heinz v. County of McHenry* (1984), 122 Ill. App. 3d 895, 461 N.E.2d 672.

■ Finally, plaintiff requested this court to award him reasonable attorney fees and expenses incurred in this appeal. The motion was taken with the case. An appellate court can make such an award if it finds the appeal to be a needless extension of a baseless lawsuit. (*McCormick v. Louis Joliet Bank & Trust Co.* (1983), 114 Ill. App. 3d 205, 448 N.E.2d 205.) We make no such finding and thus deny the motion.

Therefore, the judgment of the circuit court of Hancock County is hereby affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.