WESTERN AUTO SUPPLY COMPANY, Plaintiff and Counterdefendant-Appellee, v. MILBURN HORNBACK, d/b/a Western Auto Associate Store, Defendant and Counterplaintiff (Milburn Hornback, Third-Party Plaintiff; Clyde Weber *et al.*, Third-Party Defendants; Ward P. Fisher, Adm'r of the Estate of Stanley A. Durka, Nonparty, Appellant).

Fifth District   No. 5—88—0065

Opinion filed September 20, 1989.

274

Stanley A. Durka, of Lawrenceville, for appellant.

Robert E. Shaw, of Musick & Mitchell, P.C., of Mt. Vernon, for appellee.

JUSTICE RARICK delivered the opinion of the court:

Western Auto Supply Company filed a replevin action in the circuit court of Lawrence County against Milburn Hornback, d/b/a Western Auto Associate Store, seeking to recover inventory and other collateral in satisfaction of a note and open trade account obligation. Attorney Stanley Durka entered his appearance for Hornback after the order for replevin had been entered.

Durka filed a pleading titled "Defendant's Verified First Amended Answer and First Amended Counterclaim at Law," naming numerous employees of Western Auto Supply as third-party defendants and charging them with fraud, breach of trust, and conspiracy to put defendant Hornback out of business.

On November 3, 1987, Durka was granted leave to withdraw as Hornback's counsel. Subsequently, on November 18, 1987, Western Auto Supply filed a group of motions, including a motion for sanctions directed against Hornback and Durka and a "Notice of Hearing" requesting a hearing on all pending motions on December 9, 1987. On November 30, 1987, it filed a second notice of hearing erroneously stating that on November 9, 1987, a hearing would take place on the special and limited appearances of third-party defendants John Fowler and B.C. Baldridge. To correct the error, on December 3, 1987, Western Auto Supply filed a third notice of hearing titled "Amended Notice of Hearing" stating that the subject hearing previously scheduled for November 9, 1987, would take place on December 9, 1987.

On December 9, 1987, a further notice of hearing was filed stating the December 9 hearing had been continued to December 15, 1987, and specifically mentioned the "Motion for Sanctions" as one of the matters to be heard. The December 15, 1987, hearing was continued to December 30, 1987, and a fifth notice of hearing was filed on December 14, 1987, stating that the motion for sanctions and the other matters scheduled for the December 15 hearing would be heard on December 30, 1987.

At no time did Durka make any response to the motion for sanctions nor was he present when the matter was heard at the December 30, 1987, hearing. The court found that the third-party claims filed by Durka violated section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611) and ordered him to pay $806 in attorney fees as a sanction.

Durka filed this appeal on February 24, 1988. Ward P. Fisher was substituted for Durka pursuant to an order of this court dated October 4, 1988, upon notice of Durka's death.

■ Section 2—611, which is patterned after Rule 11 of the Federal Rules of Civil Procedure, requires the signature of an attorney or party on every pleading, motion, or other paper certifying that (1) a reasonable inquiry of the relevant facts and law was conducted; (2) that the pleading, motion, or paper is well grounded in fact; (3) that it is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and (4) that it is not interposed for any improper purpose. (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.) The purpose of section 2—611, like Federal Rule 11, is to discourage frivolous and vexatious litigation and to penalize those who would abuse the judicial system and waste scarce judicial resources. (*Thornton v. Wahl* (7th Cir. 1986), 787 F.2d 1151, 1154, *cert. denied* (1986), 479 U.S. 851, 93 L. Ed. 2d 116, 107 S. Ct. 181.) To that end, the statute provides for the imposition of any sanction deemed appropriate by the court, including, but not limited to, expenses and attorney fees. The sanctions serve a twofold purpose: to deter meritless litigation and to compensate those who must go to the expense of defending against such actions, and may be imposed on either the party or the attorney who signed the offending document. *Brown v. Federation of State Medical Boards* (7th Cir. 1987), 830 F.2d 1429.

■ Initially, we note that Durka does not dispute the trial court's finding that his third-party claims violated section 2—611, nor does he dispute the amount of the sanctions. As they have not been raised, these issues are waived. Durka argues instead that the trial court was

without personal jurisdiction to enter a judgment against him as it had allowed him to withdraw from the case before the motion for sanctions was filed.

■ As there appear to be no Illinois cases addressing this issue, we turn to Federal case law and examine the Federal courts' interpretations of Rule 11 of the Federal Rules of Civil Procedure. (*Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 224, 511 N.E.2d 831, 835-36.) We find that the same jurisdictional argument Durka now advances was rejected in *In re Itel Securities Litigation* (9th Cir. 1986), 791 F.2d 672, *cert. denied* (1987), 479 U.S. 1033, 93 L. Ed. 2d 834, 107 S. Ct. 880. (See also *Lepucki v. Van Wormer* (7th Cir. 1985), 765 F.2d 86, 87 n.1.) We, too, reject this argument. By signing the offending document and submitting it to the court, Durka subjected himself to the court's jurisdiction for purposes of section 2—611, and his subsequent withdrawal as Hornback's counsel did not divest the court of its authority to impose sanctions on him for conduct violating section 2—611. The language of the statute clearly states that "all proceedings under this section shall be *** part of the civil action in which the pleading, motion or other paper referred to herein has been filed." (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611.) We hold that so long as the court has jurisdiction over the case in which the document was filed, the court will retain jurisdiction over the attorney who signed the document in question regardless of whether such attorney has subsequently withdrawn from the case. Violation of the statute occurs when the offending document is filed. Nothing in the statute indicates that an attorney's subsequent withdrawal deprives the court of its power to sanction him, and to hold otherwise would not be in keeping with the purpose of the rule. Also, we note that section 2—611 has been preempted by Supreme Court Rule 137 effective August 1, 1989. This rule essentially follows the statute with the exception of a few minor changes which we need not address here. Just as section 2—611 included nothing indicating that an attorney's subsequent withdrawal deprives the court of its power to sanction him, Supreme Court Rule 137 likewise makes no such indication.

■ Durka also argues that Western Auto Supply waived its right to seek sanctions by failing to object to his motion to withdraw. Such an objection was not necessary to preserve Western Auto's right to seek sanctions against Durka. Durka's motion to withdraw cites irreconcilable differences between himself and Hornback as to the conduct of the litigation. Requiring Durka to continue as Hornback's counsel solely to enable Western Auto to proceed with its motion for sanctions

would have been both impractical and, in view of our analogies above, unnecessary.

■■ Finally, Durka argues that sanctions were improper because he did not receive adequate notice nor was he present when the motion for sanctions was heard. The numerous notices of hearing were misleading and confusing, he maintains, and it was not clear that the motion for sanctions would be heard at the December 30, 1987, hearing. We do not agree. Having reviewed the notices, we do not find them confusing and find that the trial court was correct in ruling that Durka had adequate notice.

The appellate districts differ on the question of whether section 2—611 applies to procedures in the appellate court. (Compare *Davis v. Chicago Housing Authority* (1st Dist. 1988), 176 Ill. App. 3d 976, 531 N.E.2d 1018, and *Fellows v. Miler* (3d Dist. 1986), 141 Ill. App. 3d 639, 490 N.E.2d 992, with *Wiley v. Howard* (2d Dist. 1989), 180 Ill. App. 3d 721, 536 N.E.2d 186, and *Darnall v. City of Monticello* (4th Dist. 1988), 168 Ill. App. 3d 532, 522 N.E.2d 837.) These differences will be resolved in future cases by the recent promulgation of Supreme Court Rule 375 effective August 1, 1989, which specifically provides for sanctions for frivolous appeals.

■■ In this case we do not agree with Western Auto's contention that Durka's arguments on appeal are contrary to existing law and completely without merit. While we are unpersuaded by his arguments, they are not so totally meaningless as to deserve the imposition of sanctions.

For the aforementioned reasons, the judgment of the circuit court of Lawrence County is affirmed.

Affirmed.

CHAPMAN and HOWERTON, JJ., concur.