*In re* MICHAEL SMOOTS, a Person Found Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Michael Smoots, Respondent-Appellant).

Fourth District   No. 4—89—0090

Opinion filed September 28, 1989.

William D. Reid, of Elmore & Reid, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent Michael Smoots appeals the trial court order denying his petition for discharge filed pursuant to section 3—900 of the Mental Health and Developmental Disabilities Code (Code) (Ill. Rev. Stat. 1987, ch. 91½, par. 3—900). Respondent argues the evidence presented at the hearing did not clearly and convincingly establish he was a person subject to involuntary admission and the trial court erred in ordering his involuntary admission prior to considering a dispositional report (Ill. Rev. Stat. 1987, ch. 91½, par. 3—810).

We affirm.

On October 25, 1988, the trial court found respondent was subject to involuntary admission, ordered his hospitalization, and continued treatment in accordance with its original order. The original commitment order is not in this record. On December 29, 1988, respondent filed a petition for discharge pursuant to section 3—900 of the Code. Ill. Rev. Stat. 1987, ch. 91½, par. 3—900.

Respondent, in support of his petition, testified that he would take his medication, eat properly, and follow a treatment plan. He denied ever striking anyone and stated he would not harm anyone. Respondent planned to live with his parents.

Dr. Andrew Hoekstra, respondent's treating psychiatrist, testified respondent had been repeatedly hospitalized because of delusional, dangerous behavior. Hoekstra stated respondent was subject to episodes of agitation which rendered him a threat to the environment. Hoekstra diagnosed respondent as suffering from undifferentiated schizophrenia. Hoekstra stated current medications were inadequate to control respondent's illness. Thus, hospitalization was the least restrictive environment. Hoekstra also stated respondent could not care for his basic needs. Hoekstra's evaluation of respondent had not changed since respondent's initial admission to the mental health facility.

Initially, respondent argues the evidence that he was men-

tally ill and expected to harm others or himself was not clear and convincing. Respondent asserts insufficient details of the diagnosis of schizophrenia were presented. It is necessary to keep in mind that we are concerned with a petition for discharge filed by the respondent and not a petition for original commitment. In the initial proceeding, in order to adjudicate a person in need of mental treatment, the court must be presented with clear and convincing evidence which establishes: (1) the respondent is suffering from a mental disorder; and (2) due to this disorder, the respondent may injure himself or others, or the respondent is unable to care for himself. (*In re Stephenson* (1977), 67 Ill. 2d 544, 367 N.E.2d 1273; *In re Dieter* (1977), 55 Ill. App. 3d 7, 370 N.E.2d 84.) The trial court's order will only be reversed on appeal when it is contrary to the manifest weight of the evidence. In a petition for discharge under article IX of the Code, it is the obligation of the respondent who has filed the petition to present a *prima facie* case that he should be discharged. Here, although the only testimony presented on behalf of the respondent was his own sworn statements before the court, his testimony can be treated as a *prima facie* case for discharge. It is then the responsibility of the State to prove by clear and convincing evidence that the respondent's petition for discharge should be denied.

■ In the instant case, the reports, certificates, and testimony presented by Hoekstra provide details of respondent's delusions and specific incidents of his agitated behavior. Contrary to respondent's argument, the diagnosis of undifferentiated schizophrenia and potential danger is supported by clear and convincing evidence.

Respondent next argues the trial court erred in not requiring the filing of a dispositional report pursuant to section 3—810 of the Code (Ill. Rev. Stat. 1987, ch. 91½, par. 3—810) prior to concluding continued treatment at Andrew McFarland Mental Health Center was the least restrictive environment. The record in the instant case started with an order of the court, dated October 25, 1988, which continued respondent's prior involuntary admission. Respondent did not appeal this order but filed a petition for discharge, which is the subject of the instant appeal. Hoekstra's testimony indicates a dispositional report had been formulated and he still believed continued treatment at a mental health facility was the least restrictive treatment alternative. Thus, the dispositional report does apparently exist.

■ We conclude the record in the instant appeal is incomplete. Although the trial court should consider the dispositional report and supplements to it (*In re Collins* (1981), 102 Ill. App. 3d 138, 429 N.E.2d 531), we need not reach this issue as doubts presented by an

incomplete record will be resolved against the appellant. (*Frisch Contracting Service Co. v. Personnel Protection, Inc.* (1987), 158 Ill. App. 3d 218, 511 N.E.2d 831.) Additionally, we note Hoekstra testified that continued inpatient treatment was the only available treatment alternative for respondent.

Although there is no prejudice to the respondent in this case, those responsible for implementation of the Code (generally Ill. Rev. Stat. 1987, ch. 91½, par. 1—100 *et seq.*) should not give that Code token recognition, but should follow the provisions and tenets of the Code which is to protect the rights of persons such as the respondent.

For the above reasons, we affirm the trial court.

Affirmed.

KNECHT and GREEN, JJ., concur.