*In re* RICK D. WINGO, a Person Asserted to be Subject to Involuntary Admission (The People of the State of Illinois, Petitioner-Appellee, v. Rick D. Wingo, Respondent-Appellant).

Third District   No. 3—93—0314

Opinion filed December 9, 1993.

William E. Coffin, of Guardianship & Advocacy Commission, of Chicago, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

The respondent, Rick D. Wingo, appeals the trial court order denying his petition for discharge filed pursuant to section 3—900 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/3—900 (West 1992)). The respondent argues that the evidence presented at the hearing did not clearly and convincingly establish that hospitalization was the least restrictive treatment alternative. We disagree and affirm.

The record reveals that the respondent was an involuntary patient at Zeller Mental Health Center. He filed a petition for discharge and a hearing was held on the petition on April 14, 1993.

At the hearing, the respondent testified that he wanted to be discharged and live with his aunt in Galesburg. He was receiving $500 per month in disability benefits and was presently taking medication but did not think he needed it.

The State called Dr. Athena Guzman as its only witness. Dr. Guzman testified that she was the respondent's treating psychiatrist. She stated that prior to the respondent's admission to the Zeller Mental Health Center, the respondent had been going into people's houses, scaring them and telling them not to take their medications. As he was being taken to the Department of Mental Health, he became combative and had to be handcuffed. When he was admitted to Zeller, he was extremely delusional and told Dr. Guzman that there were tapes, radios, and VCRs listening to what she was saying and that she might disappear from Earth if she did not repent. Eventually, due to his combative and aggressive behavior, he was transferred to the medium security unit. Pursuant to court order, medications were forcefully given to the respondent and his aggressiveness subsided.

According to Dr. Guzman, the respondent has a history of mental illness. The respondent was unpredictable and delusional. Dr. Guzman diagnosed him as suffering from paranoid and chronic schizophrenia with acute exacerbation. Her basis for this diagnosis was that the respondent claimed to hear the voice of God and that he wanted to act on that voice and "eliminate" and "eradicate" people who did not follow him. Dr. Guzman thought that when the respondent used the words "eliminate" and "eradicate," he meant "kill."

Dr. Guzman testified that if the respondent were in a less secure structured setting, he would not take his medication, could not provide for his basic physical needs, and his aggressive behavior would recur. In that case, he could inflict serious physical harm upon himself or others in the near future due to his mental illness.

The circuit court concluded that the respondent was still subject to involuntary admission and denied the petition for discharge. On appeal, the respondent argues that the State failed to prove that hospitalization was the least restrictive treatment alternative under section 3—811 of the Code. 405 ILCS 5/3—811 (West 1992); see *In re Long* (1992), 237 Ill. App. 3d 105, 606 N.E.2d 1259.

We begin by noting that in order to adjudicate a person as being in need of mental treatment, the court must be presented with clear and convincing evidence that: (1) the respondent is suffering from a mental disorder; and (2) due to this disorder, the respondent may injure himself or others, or the respondent is unable to care for himself. (*In re Stephenson* (1977), 67 Ill. 2d 544, 367 N.E.2d 1273.) In a peti-

tion for discharge, the respondent must present a *prima facie* case that he should be discharged. A respondent's own testimony before the court may be treated as a *prima facie* case for discharge; the State must then prove by clear and convincing evidence that the respondent's petition for discharge should be denied. *In re Smoots* (1989), 189 Ill. App. 3d 289, 544 N.E.2d 1235.

Here, the respondent's testimony was sufficient to establish a *prima facie* case for discharge. However, Dr. Guzman's testimony that the respondent was suffering from a mental disorder, that he could not care for himself, and that he might injure himself or others if released was clear and convincing evidence of the need for continued hospitalization.

Although Dr. Guzman did not state verbatim that "hospitalization" was the least restrictive alternative, she did say that if the respondent were discharged or placed in a less secure setting, it was reasonable to expect that he would inflict serious physical harm upon himself or others in the near future because of his mental illness. She noted that in a less structured setting, the respondent would not take his medication and would not be able to provide for his basic physical needs. This testimony was adequate to show that continued hospitalization was the least restrictive environment.

Respondent also argues that the circuit court did not expressly rule that hospitalization of the respondent was the least restrictive alternative. The statute does not require an express finding by the circuit court. (*In re Devine* (1991), 214 Ill. App. 3d 1, 572 N.E.2d 1238.) The record in the case clearly shows that hospitalization was the least restrictive option for respondent.

For the reasons set forth above, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.